AO 245B (Rev. 11/16)  Judgment in a Criminal Case
Sheet 1

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

# UNITED STATES DISTRICT COURT

Southern District of Mississippi

DEC 28 2016

BY_____
ARTHUR JOHNSTON
DEPUTY

UNITED STATES OF AMERICA

v.

GREGORY P. WARREN a/k/a GREG WARREN

)
)
)
)
)
)
)
)
)
)

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 1:15cr65LG-RHW-004

USM Number: 07515-043

Luke D. Wilson
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)    1-15, 17-25, 27, 28, 31-35, 37-49, 53, 55, 74-77, 79-89, and 91-95
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Mail Fraud, Wire Fraud, Identity Theft and Aggravated Identity Theft | 9/15/2015 | 1 |
| 18 U.S.C. § 1341 | Mail Fraud | 7/30/2012 | 2-5 |

The defendant is sentenced as provided in pages 2 through _10_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/14/2016
Date of Imposition of Judgment

Signature of Judge

The Honorable Louis Guirola Jr.          Chief U.S. District Judge
Name and Title of Judge

12/28/2016
Date

AO 245B (Rev. 11/16)    Judgment in a Criminal Case
Sheet 1A

DEFENDANT:  GREGORY P. WARREN a/k/a GREG WARREN
CASE NUMBER:  1:15cr65LG-RHW-004

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 10/10/2012 | 6 |
| 18 U.S.C. § 1341 | Mail Fraud | 12/10/2012 | 7-9 |
| 18 U.S.C. § 1341 | Mail Fraud | 12/28/2012 | 10-15 |
| 18 U.S.C. § 1343 | Wire Fraud | 9/15/2015 | 17-21 |
| 18 U.S.C. § 1028(a)(7) | Identity Theft | 11/18/2010 | 22-25, 27, 28, 31-35, 37-40 |
| 18 U.S.C. § 1028(a)(7) | Identity Theft | 1/6/2011 | 41-48 |
| 18 U.S.C. § 1028(a)(7) | Identity Theft | 1/16/2013 | 49, 53, 55 |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | 1/16/2013 | 74-77, 79-89, 91-95 |

AO 245B (Rev. 11/16)   Judgment in Criminal Case
    Sheet 2 — Imprisonment

Judgment — Page ___3___ of ___10___

DEFENDANT:  GREGORY P. WARREN a/k/a GREG WARREN
CASE NUMBER:  1:15cr65LG-RHW-004

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

60 months as to Count 1; 120 months (each count) as to Counts 2-15 to run concurrent to each other, Counts 17-21, 22-25, 27, 28, 31-35, 37-49, 53, and 55 and consecutive to Count 1, 74-77, 79-89, and 91-95; (continued)

☑  The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant be designated to a facility closest to his home for which he is eligible in which he can complete the 500-hour drug treatment program.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at _____  ☐ a.m.   ☐ p.m.   on _____ .

☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on _____ .

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
    DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16)  Judgment in a Criminal Case
        Sheet 2A — Imprisonment

Judgment—Page ___4___ of ___10___

DEFENDANT:  GREGORY P. WARREN a/k/a GREG WARREN
CASE NUMBER:  1:15cr65LG-RHW-004

## ADDITIONAL IMPRISONMENT TERMS

120 months (each count) as to Counts 17-21 to run concurrent to Counts 2-15, each other, 22-25, 27, 28, 31-35, 37-49, 53, and 55 and consecutive to Count 1, 74-77, 79-81, and 91-95;

60 months (each count) as to Counts 22-25, 27, 28, 31-35, 37-49, 53, and 55 to run concurrent to Counts 2-15, 17-21, each other and consecutive to Count 1, 74-77, 79-81, and 91-95;

24 months (each count) as to Counts 74-77, 79-89, and 91-95 to run concurrent to each other and consecutive to Counts 1-15, 17-21, 22-25, 27, 28, 31-35, 37-49, 53, and 55 for a total of 204 months custody.

AO 245B (Rev. 11/16)  Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page   5   of   10

DEFENDANT:  GREGORY P. WARREN a/k/a GREG WARREN
CASE NUMBER:  1:15cr65LG-RHW-004

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :  36 months as to Count 1-15, 17-21, 22-25, 27, 28,

31-35, 37-49, 53, and 55; 12 months as to Counts 74-77, 79-89, and 91-95. All counts to run concurrently.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you
      pose a low risk of future substance abuse. *(check if applicable)*
4.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16)    Judgment in a Criminal Case
                        Sheet 3A — Supervised Release

Judgment—Page ____6____ of ____10____

DEFENDANT: GREGORY P. WARREN a/k/a GREG WARREN
CASE NUMBER: 1:15cr65LG-RHW-004

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature    _____    Date _____

AO 245B(Rev. 11/16)    Judgment in a Criminal Case
                       Sheet 3D — Supervised Release

Judgment—Page ___7___ of ___10___

DEFENDANT:  GREGORY P. WARREN a/k/a GREG WARREN
CASE NUMBER:  1:15cr65LG-RHW-004

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall refrain from establishing any new lines of credit without prior approval from the supervising U.S. Probation Officer, unless the defendant is in compliance with the installment payment schedule.

2) The defendant shall provide any requested personal or business financial information to the supervising probation officer.

3) The defendant shall participate in a program of testing and/or treatment for drug/alcohol abuse, as directed by the probation office. If enrolled in a drug/alcohol treatment program the defendant shall abstain from consuming alcoholic beverages during treatment and shall continuing abstaining for the remaining period of supervision. The defendant must pay the costs of the program.

4) The defendant shall participate in a mental health treatment program and follow the rules and regulations of that program as directed by the U.S. Probation Officer. If enrolled in a mental health treatment program the defendant shall abstain from consuming alcoholic beverages during treatment and shall continuing abstaining for the remaining period of supervision. The probation officer, in consultation with the treatment provider, will supervise the participation in the program. The defendant must pay the costs of the program.

5) The defendant must not engage in any occupation, business, profession, or volunteer activity that would require or enable him to work as a consultant without the prior approval of the probation officer.

6) The defendant shall not possess, ingest, or otherwise use a synthetic narcotic, unless prescribed by a license medical practitioner for legitimate medical reason and approved by the U.S. Probation Office.

7) In the event that the defendant resides or visits a jurisdiction where marijuana has been approved/legalized, the defendant shall not possess, ingest, or otherwise use marijuana unless prescribed by a licensed medical practitioner for a legitimate medical purpose.

8) The defendant shall submit his person, property, house, residence, vehicle, papers, or office to a search, conducted by a United States Probation Officer. Additionally, the defendant shall submit to a search of any computer used by the defendant, to include passive (for example: monitoring software) and active (for example: looking at files on local drives) searches. Failure to submit to a search may be grounds for revocation of supervised release. The defendant shall warn any other occupants that the premises or computers may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties

DEFENDANT: GREGORY P. WARREN a/k/a GREG WARREN
CASE NUMBER: 1:15cr65LG-RHW-004

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 6,600.00 | $ | $ 100,000.00 | $ |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS | $ | $ |  |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑  the interest requirement is waived for the   ☑ fine   ☐ restitution.

    ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
    Sheet 5A — Criminal Monetary Penalties

Judgment—Page   9   of    10

DEFENDANT:  GREGORY P. WARREN a/k/a GREG WARREN
CASE NUMBER:  1:15cr65LG-RHW-004

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Pursuant to Order Requiring Repayment of Attorney's Fees dated December 21, 2016, the defendant must reimburse the Federal Public Defender's Office in the amount of $58,808.20 for the cost of Court-appointed counsel in this criminal action. The Court is of the opinion that this amount should be paid after payment of the special assessment in this action but before payment of the assessed fine.

The repayment of the attorney fees is due in full after the defendant has paid the special assessment of $6,600.00 ordered by the Court, which is due immediately. In the event full repayment of attorney's fees is not made or Warren is unable to make payment immediately, Warren must pay at least $500.00 in monthly installments beginning thirty (30) days after release from custody. Payment should be directed to the Clerk of Court, 501 E. Court St, Suite 2.500, Jackson, Mississippi, 39201, and should indicate that it is for "CJA funds for Gregory P. Warren."

Furthermore, the priority of payments to be made by Defendant Warren is as follows: (1) $6,600.00 special assessment, due immediately; (2) reimbursement of attorney's fees in the amount of $58,808.20, as discussed herein; and (3) a fine of $100,000.00, as discussed at the sentencing hearing.

AO 245B (Rev. 11/16)    Judgment in a Criminal Case
                        Sheet 6 — Schedule of Payments

Judgment — Page   10   of   10

DEFENDANT:  GREGORY P. WARREN a/k/a GREG WARREN
CASE NUMBER:  1:15cr65LG-RHW-004

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑   Lump sum payment of $  165,408.20   due immediately, balance due

    ☐   not later than _____ , or
    ☐   in accordance with  ☐ C,   ☑ D,   ☐ E, and F below

B   ☐   Payment to begin immediately (may be combined with        ☐ C,        ☐ D, and F below); or

C   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____   over a period of
    _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☑   Payment in equal   monthly   *(e.g., weekly, monthly, quarterly)* installments of $   1,500.00   over a period of
    36 months  *(e.g., months or years),* to commence   30 days  *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   Special instructions regarding the payment of criminal monetary penalties:

    In the event that the fine and attorney's fees are not paid in full at the end of supervision, the defendant is ordered
    to enter into a written agreement with the Financial Litigation Unit of the U.S. Attorney's Office for payment of the
    remaining balance.  Additionally, the value of any future discovered assets may be applied to offset the balance of
    criminal monetary penalties.  The defendant may be included in the Treasury Offset Program allowing qualified
    federal benefits to be applied to offset the balance of criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.