IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                          CRIMINAL NO. 1:15cr65LGR-HW-4

GREGORY P. WARREN

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY

COMES NOW the United States Attorney, by and through his undersigned assistant, and files this response to the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by Person in Federal Custody. For the following reasons, the Defendant's Motion must be dismissed.

### I.     BACKGROUND

Warren, along with five others, were charged with conspiracy, in violation of 18 U.S.C. § 371, and with committing the offenses of mail fraud, in violation of 18 U.S.C. § 1341; wire fraud, in violation of 18 U.S.C § 1343; identity theft, in violation of 18 U.S.C. § 1028(a)(7); and aggravated identity theft, in violation of 18 U.S.C. § 1028A. *See* Ct.R.Doc. 3.[1] A jury trial was subsequently held and Warren was found guilty of all remaining counts on August 18, 2016. Ct.R.Doc. 363. On December 14, 2016, Warren was sentenced and a final judgement reflecting that sentence was entered on December 28, 2016. Ct.R.Doc. 423. Warren filed a timely notice of appeal on December 20, 2016. Ct.R.Doc. 420. On March 14, 2018, the United States Court

---

[1] "Ct.R.Doc." references the document number of the Court record of this case.

of Appeals for the Fifth Circuit issued an opinion in this matter, affirming the district court's judgment. Ct.R.Doc. 519.   On October 10, 2018 the Supreme Court denied a petition for certerori filed by defendant Thi Houng Le. Ct.R.Doc.522.   Despite the description in the court docket, Warren never filed a petition for certiorari.

On June 24, 2019, Warren filed this present motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Ct.R.Doc. 523.

## II.   ARGUMENT

### A.   Defendant's Motion is Barred by the Statute of Limitations

Motions pursuant to Section 2255 of Title 28, United States Code, are required to be brought within one year from the latest of four alternative dates. 28 U.S.C. § 2255(f).   The applicable date in this case is the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1).   "For the purpose of starting the clock on § 2255's one-year limitation period, we hold a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003).

In this case, the Fifth Circuit issued its opinion on March 14, 2018. Ct.R.Doc. 519. Warren never file a petition for certiorari.   Thus, the judgment of conviction became final ninety days later on June 12, 2018. *See United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000) ("we hold that the conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where, as here, the appellant has not actually filed such a petition.").   The period for seeking certiorari is 90 days. *Id.* at 537.   As such, the deadline for Warren to have filed a motion pursuant to 28 U.S.C. § 2255 would have been June 12, 2019 (one year after the 90 day period expired for seeking certiorari).   Here,

Warren's motion was not filed until June 24, 2019. Ct.R.Doc. 523.   Even if this court were to apply the "prison mailbox rule" to determine the date of filing, Warren's own affirmation shows that the motion was not place in the prison mail system until June 20, 2019. Ct.R.Doc. 523, page 13.   This date is eight days beyond the filing deadline of June 12, 2019.   Therefore, his motion is procedurally barred and should be dismissed.

      B.      No Need for an Evidentiary Hearing

An evidentiary hearing is not required pursuant to 28 U.S.C. § 2255 if the motion, files, and record or recollection of the case show the defendant is entitled to no relief. *See United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989); *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985); *United States v. Guerra*, 588 F.2d 519, 520-21 (5th Cir. 1979).   The Defendant is not entitled to such a hearing.   The documents before this Court are sufficient to dispose of the motion.

**III.**    **CONCLUSION**

For the foregoing reasons and authorities and based upon the entire record, the Defendant's petition should be dismissed as procedurally barred.

                                      Respectfully Submitted
                                      D. MICHAEL HURST, JR.
                                      United States Attorney

By:     *s/ Gregory Kennedy*
           GREGORY KENNEDY
           Assistant United States Attorney
           Mississippi Bar No. 9389

CERTIFICATE OF SERVICE

I, Gregory Kennedy, Assistant United States Attorney, hereby certify that on June 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: the moveant, appearing pro-se, Gregory P. Warren, Number 07515-043, FCI Oakdale, P.O. Box 5000, Oakdale, LA 71463.

DATED this the 26th day of June, 2019.

*s/ Gregory Kennedy*
GREGORY KENNEDY
Assistant U.S. Attorney
Mississippi Bar No. 9389