IN THE UNITED STATES DISTRICT COURT
FOR THE ~~EASTERN~~ Southern DISTRICT OF MISSISSIPPI



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 17 2019
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

GREGORY P. WARREN,

    Defendant-Petitioner.

No. ~~1:17CV00186-GNS~~

1:15cr65-4

### REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255

COMES NOW, Gregory P. Warren, the Petitioner herein, in reply to the Government's opposition to his petition under 28 U.S.C. § 2255. The Government argues that the instant § 2255 motion should be dismissed based on procedural grounds, stating that the motion is untimely under § 225(f)(1). In reply, Petitioner submits that his Sixth Amendment right to the effective assistance of counsel was constructively denied when his attorney entered into an unwritten joint defense agreement with his codefendants, then counsel revealed attorney-client privileged communication to the lead defendant in the case, Watts, which was used against Petitioner at trial. Furthermore, as a result of the unwritten joint defense agreement with Watts, counsel labored under an actual conflict of interest resulting in a

constructive denial of Petitioner's right to counsel at trial and sentencing. Petitioner submits that this Court can and should address his meritorious claims and that his convictions should be vacated based on the obvious and apparent violation of his right to counsel. Under these circumstances, to dismiss Petitioner's claims based on procedural grounds would result in a manifest injustice.

## Argument in Reply

I    **This Court Should Address the Merits of Petitioner's Claims**

The government argues that Petitioner's § 2255 motion is untimely under § 2255(f), which provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See <u>United States v. Plascencia</u>, 537 F.3d 385, 388 (5th Cir. 2008) (same). Petitioner filed his § 2255 motion on June 22, 2019, 10 days following the deadline proposed by the government in its response. In the instant case, the government argues that Petitioner's motion was filed 10 days after the expiration of the time period under 28 U.S.C. § 2241(f)(1). However, this Court should address the significant violations of Petitioner's constitutional rights. Petitioner asserts he is within the time limitations provided under § 2244(f)(4) because the instant motion was filed as soon as practicable with Petitioner exercising due diligence. Notably, Petitioner is incarcerated and without representation. It was only through due diligence that Petitioner was able to present his claims in the instant § 2255 motion. And, as discussed herein, the violations of Petitioner's Fifth and Sixth Amendment rights were substantial and produced fundamentally unfair proceedings and a results. Courts should liberally construe the substance of pro se defendants' filings, regardless of their form or title. See, e.g., <u>Andrews v. United States</u>, 373 U.S. 334, 338, 83 S. Ct. 1236, 10 L. Ed. 2d 383 (1963). See <u>United States v. Moron-Solis</u>, 388 F. App'x 443, 444-45 (5th Cir. 2010) (unpublished) (motion for out-of-time appeal); <u>United States v. Flores</u>, 380 F. App'x 371, 371-72 (5th Cir. 2010) (unpublished) (Rule 60 motion)(both construing pro se pleadings liberally and in favor of the defendant). If this Court finds Petitioner is beyond the time period under § 2245(f)(1), this Court

should apply the doctrine of equitable tolling and find the petition timely.

Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate. United States v. Petty, 530 F.3d 361 (5th Cir. 2008)(equitable tolling is a discretionary and equitable doctrine and is available to petitioners who make motions under 28 U.S.C. § 2255), see also, Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004) (citing Dunlap v. United States, 250 F.3d 1001, 1007 (6th Cir. 2001), cert. denied, 534 U.S. 1057 (2001)); see also Young v. United States, 535 U.S. 43, 49, 152 L.Ed.2d 79, 122 S.Ct. 1036 (2002) ("It is hornbook law that limitations periods are 'customarily subject to equitable tolling.'"). The doctrine of equitable tolling allows federal courts to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Graham-Humphrey's v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); Keenan v. Bagley, 400 F.3d 417, 421 (6th Cir. 2005).

. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (citation and internal quotation marks

omitted). Equitable tolling "turns on the facts and circumstances of [each] particular case" and "does not lend itself to bright-line rules." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999); see also Holland, 130 S. Ct. at 2563 (collecting cases). The doctrine "applies principally where the plaintiff is prevented in some extraordinary way from asserting his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). In the context of alleged court-made errors, "extraordinary circumstances exist where a petitioner is misled by an affirmative, but incorrect, representation of a district court on which he relies to his detriment." Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002) (citing United States v. Patterson, 211 F.3d 927, 931-32 (5th Cir. 2000)), see also, Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003)("by refusing to do what was requested by his client on such a fundamental matter * * * violated a basic duty of an attorney to his client" thereby "justify the application of equitable tolling to the one-year limitations period of AEDPA."); United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002) ("Wynn's allegation that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations.").

Petitioner is without legal training or representation. He has done his best to raise his constitutional claims in this Court in a timely manner. However, he is

5

incarcerated and has found it difficult to perform legal research or to receive accurate information about § 2255 proceedings. Petitioner has exercised more than reasonable diligence in attempting to seek a legal remedy for the blatant violations of his right to counsel that occurred in the district court. As noted, his attorney engaged in conduct adverse to his interests during trial and sentencing and, thus severing any imputed link between counsel's action and Petitioner's knowledge. Schlueter v. Varner, 384 F.3d 69 (3d Cir. 2004), Baldayaque v. United States, 338 F.3d 145 (2d Cir. 2003)(holding equitable tolling can be applied when counsel fails to give any advice and abandons.

Accordingly, because Petitioner has exercised reasonable diligence in pursuing his § 2255 claims, this Court should find that the deadline is equitably tolled to the date of the instant filing, June 22, 2019. Petitioner could not have filed his motion prior to that date. Principles of equity, constitutional interpretation, and common sense dictate that this Court reach such a result, and that the substantive issues raised herein be decided upon the merits.

Finally, even if this Court finds that the deadline under § 2255(f)(1) has been missed, the instant motion should be heard on the merits. In short, Petitioner is actually innocent of the offenses for which he stands convicted. He is only convicted because his attorney acted in a manner adverse to his interests during trial by entering

into an unwritten defense agreement with the lead defendant in this case, Watts. During the agreement, counsel divulged attorney-client privileged information to Watts, which counsel then allowed Watts to use against Petitioner at trial. In fact, the strategy employed by Watts and other codefendants at trial was to claim ignorance and point the finger of blame at the Petitioner, when in truth, Watts, was the mastermind of the scheme. The strategy worked, and Watts was acquitted. However, Petitioner was the sacrificial lamb given up to the justice system to save the wealthy and powerful attorney, Watts, and his law firm. The government cannot reasonably deny this assertion.

## II. Petitioner's Right to Counsel Was Constructively Denied When Defense Counsel Entered an Unwritten Joint Defense Agreement Solely for the Purpose of Insuring that the Lead Defendant, Watts, Would be Acquitted.

An actual conflict of interest between Petitioner and defense counsel existed from pretrial through the conclusion of trial when Petitioner's attorney entered a joint defense agreement solely for the benefit of the lead defendant charged, Watts. As the government is aware, Watts is a wealthy and powerful attorney. Watts initiated, structured, and controlled the offense. That control continued through the proceedings at trial when he influenced and in fact controlled Petitioner's court appointed attorney to do his bidding. Although Petitioner may have had a warm body with a law degree standing next to him at trial, that warm body did nothing to defendant Petitioner's

7

interests. In fact, defense counsel actively worked against Petitioner's interests in order to insure that the wealthy and powerful attorney Watts would be acquitted. Under the circumstances, Petitioner's right to counsel was constructively denied. Therefore, the judgment in this case should be vacated.

It is well settled that all criminal defendants are entitled to the assistance of counsel. U.S. Const. amend. VI; Foster v. Illinois, 332 U.S. 134, 136-37, 67 S. Ct. 1716 (1947). "The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment." Tucker v. Day, 969 F.2d 155, 159 (5th Cir. 1992).

> That a person who happens to be a lawyer is present at trial alongside the accused . . . is not enough to satisfy the constitutional command. The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results.

Strickland v. Washington, 466 U.S. 668, 685, 104 S. Ct. 2052, 2063 (1984).

As the Supreme Court has observed, "Although counsel is present, the performance of counsel may be so inadequate that, in effect, no assistance of counsel is provided."United States v. Cronic 466 U.S. 648, 654 n.11, 104 S. Ct. 2039, 2044 n. 11 (1984). As the Court has explained, "There are . . . circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." Cronic, 466 U.S. at 658, 104 S. Ct. at 2046 (footnote omitted).

Therefore, in cases of actual or constructive denial of counsel, prejudice is presumed. Id. In Strickland, the Court added that:

> In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice. See United States v. Cronic, 466 U.S. at 659, and n.25, 104 S. Ct. at 2046-2047, and n.25. Prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost. 466 U.S. at 659, 104 S. Ct. at 2047. Moreover, such circumstances involve impairments of the Sixth Amendment right that are easy to identify and, for that reason and because the prosecution is directly responsible, easy for the government to prevent.

466 U.S. at 692, 104 S. Ct. at 2067.

A constructive denial of counsel occurs when the defendant is deprived of "the guiding hand of counsel." Powell v. Alabama, 287 U.S. 45, 69, 53 S. Ct. 55, 64, 77 L. Ed. 158 (1932), cited in Cronic, 466 U.S. at 660-61, 104 S. Ct. at 2047-48. There are at least three other circumstances in which a presumption of prejudice would be required to ensure the fairness of a proceeding: (1) "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing;" (2) "when although counsel is available during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial;" or (3) "when counsel labors under an actual conflict of interest." Cronic, 466 U.S. at 659-60, 662 n.31, 104 S. Ct. at 2047, 2048 n.31. See also, Burdine v. Johnson, 231 F.3d 950, 954-55 (5th Cir.

2000).

In the instant case, counsel was working to secure the acquittal of Watts, not the Petitioner. Thus, he labored under an actual conflict of interest and could not have provided representation guaranteed under the Sixth Amendment. When a prisoner shows an actual conflict that adversely affected his attorney's performance and thus denied him his Sixth Amendment right to conflict-free counsel, Cuyler v. Sullivan, 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (1980), provides the applicable standard for evaluating the claim. A defendant may show a denial of the assistance of counsel under Cuyler without showing prejudice. Perillo v. Johnson, 205 F.3d 775, 781-82. (5th Cir. 2000). "Courts of appeals applying Cuyler traditionally have couched its test in terms of two questions: (1) whether there was an actual conflict of interest, as opposed to a merely potential or hypothetical conflict, and (2) whether the actual conflict adversely affected counsel's representation." United States v. Infante, 404 F.3d 376, 391 (5th Cir. 2005). "An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." Mickens v. Taylor, 535 U.S. 162, 172 n.5, 152 L. Ed. 2d 291, 122 S. Ct. 1237 (2002). A court must ask whether defense counsel "labored under a conflict of interest, which was not merely hypothetical, and whether that conflict adversely affected the representation (i.e., whether it was an actual conflict)." Infante, 404 F.3d at 392.

These circumstances demonstrate that: (1) counsel entirely failed to subject the prosecution's case to meaningful adversarial testing and (2) counsel labored under an actual conflict of interest. Thus, Petitioner's right to counsel was constructively violated. <u>Cronic</u>, 466 U.S. at 659-60, 662 n.31, 104 S. Ct. at 2047, 2048 n.31. See also, <u>Burdine v. Johnson</u>, 231 F.3d 950, 954-55 (5th Cir. 2000). Without counsel representing Petitioner, the proceedings cannot be trusted to have produce just result, and Petitioner's conviction must be vacated.

## III. Conclusion

For these reasons, Petitioner requests that the district court vacate his convictions and sentence.

Respectfully submitted,

*Gregory P. Warren*
Gregory P. Warren, pro se
#07515-043
FCI Oakdale I - Allen 2
P.O. Box 5000
Oakdale, LA 71463