IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.   CAUSE NO. 1:15CR65-LG-RHW-4
     CIVIL ACTION NO. 1:19CV337-LG

**GREGORY P. WARREN**

## MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION

BEFORE THE COURT is the [523] Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Gregory P. Warren. The Government filed a response, and Warren filed a reply. After reviewing the submissions of the parties, the record in this matter, and applicable law, the Court finds that Warren's Motion should be denied as untimely.

### I. BACKGROUND

A jury convicted Warren of conspiracy to commit mail fraud, wire fraud, identity theft, and aggravated identity theft, and numerous counts of each substantive underlying offense. This Court sentenced Marshall to a term of imprisonment of 204 months, with 4 years' supervised release, and ordered him to pay a fine in the amount of $100,000. The Fifth Circuit affirmed his conviction. *See United States v. Warren*, 728 F. App'x 249 (5th Cir. 2018). His conviction became final when the 90-day period for filing a petition for writ of certiorari with the Supreme Court expired on June 12, 2018.

Warren filed the instant [523] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on June 20, 2019.[1] His Motion raises three grounds for relief, all premised upon having received ineffective assistance of counsel during trial and at sentencing. He says trial counsel "entered into an unwritten joint defense agreement with the codefendant, then revealed to lead trial counsel and lead defendant, Watts, attorney-client privileged communications that was [sic] later used by co-defendants against Warren at trial." (Mot. Vacate 5, ECF No. 523.) He also maintains that this "unwritten joint defense agreement" created "an actual conflict of interest" for his counsel. (*Id.* at 6.) And he argues that his counsel "failed to move for severance and a mistrial after it became apparent that the joint defense agreement had been violated by Watts and the other codefendants, and it became apparent that the strategy of the co-defendants was to blame Warren for the offense." (*Id.* at 8.) Alternatively, Warren concedes the untimeliness of his Motion, but argues that it should be heard anyway because he is actually innocent.

In response, the Government asserts that the Court need not reach the merits of Warren's Motion because the grounds raised are time-barred by the one-year statute of limitations. Warren's reply brief maintains that the limitation period should be equitably tolled because he has been diligently pursuing his rights and he is proceeding *pro se*.

---

[1] The Court received Warren's Motion on June 24, 2019. However, a signed statement on the last page of his Motion states that he placed it into the prison mail system on June 20, 2019. Accepting this statement as true, the prison mailbox rule would deem his Motion to have been filed on June 20, 2019, the day he placed it into the prison mailbox.

## II. DISCUSSION

A one-year statute of limitations applies to Motions under § 2255. 28 U.S.C. § 2255(f). The one-year limitation period runs from the latest of (1) the date the judgment of conviction becomes final, (2) the date on which an illegal, government-created impediment to making the motion is removed, (3) the date on which a right asserted was newly recognized by the Supreme Court for the first time – provided that right was made retroactively applicable to cases on collateral review, or (4) the date on which facts supporting the claim presented could have been discovered through the exercise of due diligence. *Id.* Warren's conviction became final on June 12, 2018 when his time to file a Petition for Writ of Certiorari expired. Because none of the other provisions of § 2255(f) apply to Warren's circumstances, his deadline to file a timely § 2255 motion was June 12, 2019. The Motion filed June 20, 2019 is untimely.

Warren contends, however, that the Court should equitably toll the one-year limitations period to preserve his claim. The Fifth Circuit "has concluded that the one-year limitations period of the Anti–Terrorism and Effective Death Penalty Act ('AEDPA'), as codified in 28 U.S.C. § 2255, is not jurisdictional and, therefore, is subject to equitable tolling." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (citing *United States v. Wynn,* 292 F.3d 226, 230 (5th Cir. 2002)). Therefore, a district court has the discretion to toll the AEDPA limitations period. *Id.*

Equitable tolling is permitted "only in rare and exceptional circumstances," and Warren bears the burden of establishing that it is appropriate in this case. *Id.*

at 364-65 (internal quotation marks omitted). To satisfy this burden, Warren "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' of timely filing his § 2255 motion." *Id.* (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

Warren simply asserts that he has been diligently pursuing his rights, but he offers no elaboration, and the docket provides no evidence of such diligence. After the Fifth Circuit issued its opinion affirming his conviction, the docket reflects no activity until this Motion was received on June 24, 2019. Even assuming that Warren has been diligent, no extraordinary circumstance hindered his ability to timely file this Motion. He emphasizes his *pro se* status, his incarceration, and says that he "found it difficult to perform legal research." (Reply 6, ECF No. 526.) But these circumstances are in no way extraordinary; countless individuals timely file *pro se* § 2255 motions under similar circumstances. *See Petty*, 530 F.3d at 365-66 ("Proceeding *pro se* is alone insufficient to equitably toll the AEDPA statute of limitations. . ... Further, the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations.") (citations omitted). "Likewise, ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." *Id.* at 366.

Warren alternatively argues that he is actually innocent. (Reply 6-7, ECF No. 526.) He says that "he [was] only convicted because his attorney acted in a

manner adverse to his interests during trial by entering into an unwritten defense agreement with the lead defendant in this case, Watts."[2] (*Id.*)

Applied in *Schlup v. Delo,* 513 U.S. 298 (1995) and further explained in *House v. Bell,* 547 U.S. 518 (2006), the actual innocence gateway provides a means by which a habeas petitioner's constitutional claims may be considered on their merits despite a procedural bar to their consideration. *See McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). In *Schlup* and *House*, a convincing showing of actual innocence enabled the habeas petitioners to overcome a procedural bar to consideration of their constitutional claims. *See id.* More recently, the United States Supreme Court in *McQuiggin v. Perkins* held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or as in this case, expiration of the statute of limitations." *Id.*

To be credible, a claim of actual innocence

> requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup,* 513 U.S. at 324. A petitioner must persuade the court that "in light of the new evidence, no juror acting reasonably would have voted to find him guilty

---

[2] This, of course, does not support the notion that Warren did not commit the crime for which he was convicted. Rather, it explains how his counsel supposedly provided deficient representation.

beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (citing *Schlup,* 513 U.S. at 329; *House,* 547 U.S. at 538).

Warren offers no new evidence. He does not even suggest what competent counsel supposedly would have done at trial to demonstrate his innocence. Rather, in conclusory fashion, he simply professes his innocence and argues that he was only convicted because his trial counsel was ineffective. These allegations are insufficient to allow Warren to pass through the narrow gateway of actual innocence and avoid the one-year statute of limitations.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [523] Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Gregory P. Warren is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 2nd day of January, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE